## UNITED STATES *ex rel.* SIEGEL *v.* CITY OF NEW ORLEANS.

*(Circuit Court, E. D. Louisiana. December 25, 1890.)*

MUNICIPAL CORPORATIONS—LIABILITY FOR DEBTS.

Act La. 1877, (Extra Sess.) No. 30, p. 47, provided that no municipal corporation should appropriate or expend any money in any year in excess of the actual revenue for the year; that the revenue for each year should be devoted to the expenditures for that year; and that any surplus might be used to pay the indebtedness of former years. Act La. 1886, No. 109, p. 205, provided that the council of the city of New Orleans should each year reserve 20 per cent. of the revenue for that year for the purpose of public improvement. *Held*, that a creditor of said city could not compel the council to pay him out of said reserve fund for debts contracted after 1877, since such reserve fund did not constitute a surplus, nor did the former act apply to debts contracted after its passage.

At Law.

*J. R. Beckwith* and *H. L. Lazarus*, for plaintiff.

*F. B. Lea*, for defendant.

Before PARDEE, Circuit Judge, and BILLINGS, District Judge.

PER CURIAM. The following the court finds as the facts in this case: The judgments of the relator against the respondent amount in the aggregate to $——, and are founded on indebtedness arising in the years 1879, 1880, 1881, and 1882. The evidence establishes that for the year 1888, as well as the year 1889, the common council of the city of New Orleans appropriated, out of the 20 per cent. reserved for public improvements by Act No. 20, p. 35, § 66, of the Acts of 1882 and 1886, No. 109, p. 205, § 1, for the payment of debts not in the budget of those years, and not contracted in those years, an amount greater than the aggregate of relator's judgments; and that of the said 20 per cent. reserved by the statute for public improvements there is now, for those years, more in the treasury of the respondent than would be sufficient to pay the entire amount of relator's judgments. The statutes necessary to be considered are the first three sections of Act No. 30, p. 47, Acts 1877, (Extra Sess.;) section 1, Act No. 38, p. 58, Acts 1879, and Act No. 109, p. 205, Acts 1886.

No. 30, Act 1877: "Section 1. That no police jury of any parish, nor any municipal corporation in this state, shall make any appropriation of money for any year which appropriation separately, or together with any other appropriation or appropriations of the same year, shall be in excess of the actual revenue of said parish or municipal corporation for that year. Sec. 2. That no police jury of any parish, nor municipal corporation in this state, shall approve any claim or make any expenditure which shall separately, or together with other claims approved or expenditures made, be in excess of the actual revenues of that year. Sec. 3. That the revenues of the several parishes and municipal corporations of this state of each year shall be devoted to the expenditures of that year: provided, that any surplus of said revenues may be applied to the payment of the indebtedness of former years."

No. 38, Act 1879: "Section 1. That it shall be the duty of the board of administrators or common council of the city of New Orleans, on or about the second Tuesday of December, 1879, and upon the second Tuesday of December of each and every year thereafter, or thereabout, to propose a detailed

statement exhibiting the amount of revenues for the ensuing year expected to be derived by the said city from taxes and licenses, and, with such estimate of receipts as aforesaid, it shall be the duty of the aforesaid board of administrators or common council to propose a detailed statement or estimate, exhibiting the several items of liability and expenditure on the part of said city for the year aforesaid, including the requisite amount for contingent expenses during that time. Such estimate of liabilities and expenditures shall not, however, in the aggregate amount thereof, exceed four-fifths of the estimated amounts of revenues or receipts therein above provided for."

No. 109, Acts 1886: "That section 66 of Act No. 20, approved June 23, 1882, entitled 'An act to incorporate the city of New Orleans, provide for the government and administration of the affairs thereof, and to repeal all acts inconsistent and in conflict with its provisions,' be amended and re-enacted so as to read as follows: The council shall not, under any pretext whatever, appropriate any funds for the government of the corporation to the full extent of the revenues, but shall reserve twenty per cent. of said revenues, which reserve, and all sums, rights, interests, and credits received from miscellaneous or contingent sources, shall be appropriated by the council for the purpose of permanent public improvement, as herein provided for."

The claim of the relator is that, when properly defined, there is shown to be a surplus for the years 1888 and 1889, and that, under the act of 1877, since the debts of the city to him were contracted while that act was in force, he has a right to that surplus. As to the existence of a surplus for the years 1888 and 1889, that which is claimed to be a surplus is an unexpended but appropriated amount of the 20 per cent. But the legislature has dedicated this to the purpose of permanent public improvements. This dedication is conclusive upon the relator's claim, unless the act of 1877 has given him a right to a surplus, which the act of 1886 could not qualify.

This brings us to the question whether the act of 1877 gave any future creditor any fixed right to any surplus. That act was passed under these circumstances: The legislature had been endeavoring by every legislative mandate to prevent the city of New Orleans from increasing its floating debt. Up to the date of that statute their efforts had been in vain. Then it was enacted that no appropriation should be made and no claim approved by any municipal corporation during any year in excess of the actual revenues of that year; that the revenues of each year should be devoted to the expenditures of that year; and, since a large floating debt for former years already existed, a provision was added that any surplus of revenues might be applied to the payment of the indebtedness of former years. In our opinion the "former years" mean years former to 1877, for any outstanding indebtedness for any year after 1877 had been rendered impossible, if the statute which contains this provision as to power to appropriate was obeyed. There could, of course, be no surplus unless there remained some amount not appropriated. Section 3, Act 1877, was not meant to guaranty that there would be any such amount, nor to limit the discretion of the appropriating power to provide for all necessary expenditures either on the part of the legislature or on the part of the common council. It simply provided that if, after the discretion of the appropriating power had been exercised, there re-

mained a surplus, it might be used in paying indebtedness of former years. The amended charter of 1886 expressly dedicated 20 per cent. of the proceeds of the taxes, even before they were levied, to the highly meritorious purpose of permanent improvements. This dedication, in our opinion, was in violation of no right of the relator, and it is not a surplus, but a legally appropriated sum, which the relator asks should be applied to the payment of his judgments. Our opinion, therefore, is that there is no surplus shown, but that the amount remaining unexpended is destined by the legislature to the purpose of permanent public improvements, and cannot be diverted from that purpose either by the city or its creditors; and that there was no intention on the part of the legislature to guaranty or pledge to any of its creditors any surplus; certainly not to the creditors whose debts arose after 1877.